IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

CRYSTAL FERRIS                                                                         PLAINTIFF

V.                                          NO. 12-5048

MICHAEL J. ASTRUE,[1]
Commissioner of the Social Security Administration                  DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Crystal Ferris, brings this action pursuant to 42 U.S.C. § 405 (g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claim for supplemental security income (SSI) under the provisions of Title XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I.    Procedural Background:**

Plaintiff protectively filed her application for SSI on February 9, 2010, alleging an inability to work due to "1. Depression; 2. Migraine headaches; 3. Carpal Tunnel Syndrome; 4. PTSD; and 5. Bipolar Disorder." (Tr. 117, 121). An administrative hearing was held on September 2, 2011, at which Plaintiff appeared with counsel and testified. (Tr. 28-42).

By written decision dated October 21, 2011, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe - bipolar

---

[1] Carolyn Colvin became the Acting Social Security Commissioner on February 14, 2013. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Carolyn Colvin has been substituted for Commissioner Michael J. Astrue as the defendant in this suit.

syndrome and anxiety. (Tr. 14). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 14). The ALJ found Plaintiff retained the residual functional capacity (RFC) to perform a full range of work at all exertional levels but with the following nonexertional limitations: she is limited to simple, repetitive tasks. (Tr. 16).

With the help of a vocational expert (VE), the ALJ determined Plaintiff had no past relevant work, and was capable of performing jobs, such as lunch truck driver - medium unskilled; remnant sorter - light unskilled, and polisher - sedentary unskilled. (Tr. 20).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied the request on January 31, 2012. (Tr. 1-4). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 4). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 8, 10).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

**II.    Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F. 3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports

the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§423(d)(3), 1382(3)(D). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing her claim; (2) whether the claimant had a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the national economy given her age, education, and experience. See 20 C.F.R. §416.920. Only if the final

AO72A
(Rev. 8/82)

stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity (RFC). See McCoy v. Schneider, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §416.920.

### III. Discussion:

Plaintiff raises the following arguments on appeal: 1) The ALJ's decision is not supported by substantial evidence; 2) The ALJ erred in rejecting the opinion of Ann Micheli, LCSW at Ozark Guidance Center regarding Plaintiff's mental condition; and 3) The ALJ erred in rejecting the Plaintiff's subjective complaints. (Doc. 8 at p. 17).

#### A. Impairments:

Plaintiff argues that the ALJ's decision does not evaluate several other alleged impairments, such as migraine headaches, urinary tract infections, abdominal and back pain, carpal tunnel syndrome, pelvic inflammatory disease and an ovarian cyst. An impairment is severe within the meaning of the regulations if it significantly limits an individual's ability to perform basic work activities. 20 C.F.R. §§ 1520(a)(4)ii), 416.920(a)(4)(ii). An impairment or combination of impairments is not severe when medical and other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on an individual's ability to work. 20 C.F.R. § § 404.1521, 416.921. The Supreme Court has adopted a "de minimis standard" with regard to the severity standard. Hudson v. Bowen, 870 F.2d 1392, 1395 (8th Cir. 1989).

In this case, the ALJ stated that Plaintiff's history of alcohol abuse was non-severe, as the medical records and allegations indicated no vocational impairments due to her reported alcohol abuse or use. (Tr. 14). He also stated that "[m]edical and other evidence establish only

AO72A
(Rev. 8/82)

a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on the claimant's ability to work." (Tr. 14). As noted by Defendant, the record does not support any additional physical severe impairments.

Plaintiff has failed to meet her burden regarding any additional impairments, and based upon the foregoing, as well as the well-stated reasons given by Defendant, the Court finds there is substantial evidence to support the ALJ's decision regarding Plaintiff's severe impairments.

**B.     Weight Given to Ann Micheli's Opinion - RFC Assessment:**

RFC is the most a person can do despite that person's limitations. 20 C.F.R. §404.1545(a)(1). It is assessed using all relevant evidence in the record. Id. This includes medical records, observations of treating physicians and others, and the claimant's own description of her limitations. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). "The ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." Id.

Plaintiff argues that the ALJ should have given the opinion of Ann Micheli greater weight than the non-examining physicians' opinions.

On February 9, 2010, Shea Stillwell, Psy. D., of the Counseling Clinic, assessed Plaintiff

with a GAF of 49. (Tr. 501). On Aril 23, 2010, A mental RFC Assessment was completed by non-examining consultant, Diane Kogut, Ph.D. (Tr. 539-541). Dr. Kogut found Plaintiff was moderately limited in 7 categories and not significantly limited in 12 categories. (Tr. 539). She also found that Plaintiff appeared to be improving, was alert and oriented, and that her memory, judgment and insight were intact. (Tr. 541). She found that Plaintiff had significant symptoms that were being treated and seemed to be improving based on the medical records, that she was more relaxed, and her mood was more stable. (Tr. 541). Dr. Kogut concluded that Plaintiff would be able to perform simple repetitive 1-2 steps tasks, unskilled. (Tr. 541).

On April 26, 2010, Dr. Kogut completed a Psychiatric Review Technique form, wherein she concluded that Plaintiff had a mild degree of limitation in restriction of activities of daily living; a moderate degree of limitation in difficulties in maintaining social functioning and difficulties in maintaining concentration, persistence, or pace; and no episodes of decompensation, each of extended duration. (Tr. 553).

On April 29, 2011, Plaintiff saw Pam Putman, LCSW, at Ozark Guidance. (Tr. 730-736). Plaintiff was diagnosed as follows:

| | |
|---|---|
| Axis I: | Bipolar Disorder NOS<br>PTSD - Chronic |
| Axis II: | No diagnosis on Axis II |
| Axis III: | Chronic bronchitis<br>Gastritis |
| Axis IV: | Problems with access to health care after losing insurance during divorce. Economic problems due to inability to work |
| Axis V: | 44 |

(Tr. 736). Plaintiff subsequently met with Anne Micheli, LCSW, at Ozark Guidance, on May 18, 2011, and June 8, 2011. In her June 8, 2011 notes, Ms. Micheli noted that Plaintiff was

-6-

irritated, frustrated and helpless, and was very manipulative in attempting to get medications. (Tr. 748-749). Ms. Micheli completed a Mental RFC Questionnaire on August 26, 2011, wherein she gave Plaintiff a Current GAF of 31, and concluded that Plaintiff had no useful ability to function in 8 categories; was unable to meet competitive standards in 5 categories; and was seriously limited, but not precluded, in 3 categories. (Tr. 760, 762). Ms. Micheli also opined that Plaintiff's impairments would cause her to be absent from work more than four days per month. (Tr. 764). Ms. Micheli was unsure if Plaintiff was a malingerer. (Tr. 764).

The ALJ addressed the opinion of Ms. Micheli in his opinion. (Tr. 19). He concluded that despite the limiting nature of Ms. Micheli's record, it was not consistent with the record as a whole. (Tr. 19). He concluded:

> Severity as outlined above would lead someone to believe that the person would not be able to care for themselves, much less children and has social difficulties, but it has been indicated in the record that the claimant cares for her three children and she is newly married showing that her social functioning is not that limited.

(Tr. 19). The ALJ did not give Ms. Micheli's Mental Residual Functional Capacity Questionnaire controlling weight, because "not only was it not completed by an acceptable medical source, it appears unreasonable in light of the record as a whole." (Tr. 19). Instead, the State Disability Determination Services opinions were given considerable weight. The ALJ stated:

> Although those physicians were non-examining, and therefore their opinions do not as a general matter deserve as much weight as those of examining or treating physicians, those opinions do deserve some weight, particularly in a case like this in which there exist a number of other reasons to reach similar conclusions (as explained throughout this decision).

AO72A
(Rev. 8/82)

(Tr. 19).

The ALJ also addressed Plaintiff's daily activities, noting that she lived in Fayetteville, Arkansas, in an apartment with her husband and three children, ages ten, fourteen and seventeen, and that she married on July 9, 2011, after she was divorced in January 2011.

The Eighth Circuit has held that in certain circumstances, the ALJ may give the opinion of a non-acceptable medical source greater weight than to the opinion of an "acceptable medical source." Van Vickle v. Astrue, 539 F.3d 825, 829 (8th Cir. 2008). However, in Farstad v. Astrue, 2009 WL 2432363 (8th Cir. 2009), the Eighth Circuit upheld the ALJ's rejection of a nurse practitioner's opinion, because the ALJ explained why he found her opinion "inconsistent with the medical evidence and with the record as a whole." Id. at *1.

In the case now before the Court, the ALJ sufficiently explained why he gave Ms. Micheli's opinion little weight, and therefore, the Court finds there is substantial evidence to support the weight given to the medical opinions in this case, and to support his RFC assessment.

**C.     Credibility Findings:**

The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints including evidence presented by third parties that relates to: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of her pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of her medication; and (5) functional restrictions. See  Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole. Id. As the Eighth Circuit has observed, "Our touchstone is that [a claimant's]

credibility is primarily a matter for the ALJ to decide." Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003).

The ALJ found that Plaintiff's statements concerning the intensity, persistence and limiting effects of the symptoms were not credible to the extent they were inconsistent with his RFC assessment. Based on the record as a whole, the Court finds that the ALJ properly considered and evaluated Plaintiff's subjective complaints, including the Polaski factors; and that there is substantial evidence to support the ALJ's credibility findings.

## IV.  Conclusion:

Accordingly, having carefully reviewed the record, the Court finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision is hereby affirmed. The Plaintiff's Compliant should be, and is hereby dismissed with prejudice.

IT IS SO ORDERED this 12th day of April, 2013.

/s/ Erin L. Setser
HONORABLE ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE